# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ROANOKE DIVISION

| | | |
|---|---|---|
| **FREDDIE SHAWN PHILLIPS,** | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 7:20CV00107 |
| | ) | |
| v. | ) | **OPINION** |
| | ) | |
| **COURT OF APPEALS JUDGE** | ) | By: James P. Jones |
| **TERESA CHAFIN, ET AL.,** | ) | United States District Judge |
| | ) | |
| Defendants. | ) | |

*Freddie Shawn Phillips, Pro Se Plaintiff.*

Plaintiff Freddie Shawn Phillips, a Virginia inmate proceeding pro se, has filed a civil rights action under 42 U.S.C. § 1983, alleging that various court officials caused him to be wrongfully convicted and sentenced to prison time. Upon review of the allegations, I find that the lawsuit must be summarily dismissed.

Phillips' allegations are sparse, as follows:

> Was put in prison for 11 years 10 months on a charge of Aggravated Sexual Battery and Probation violation, the offense Date is stated as 1/1/2006. I was Incarcerated at that time and can prove it also[.]
>
> Teresa Chaffin sentenced me as a Juvinile [sic] and said as much during sentencing, My attorney withheld evidence from me and I was sent to prison. There is No DNA — p[hys]ical — any other evideance [sic].

Compl. 2, ECF No. 1. Phillips sues Judges Teresa Chafin and Jack Hurley, Commonwealth's Attorneys Dennis Lee and Zack Stupps, and the Tazewell County

Commonwealth Attorney's Office itself. As relief in this action, Phillips seeks monetary damages and expungement of the criminal convictions from his record.

The court must dismiss any action or claim filed by a prisoner against a governmental entity or officer if the court determines the action or claim is "frivolous, malicious, or fails to state a claim upon which relief may be granted" or if it "seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b)(1), (2). To state a claim under § 1983, the plaintiff must allege facts showing that a person acting under color of state law undertook conduct that violated the plaintiff's constitutional rights. *See Cooper v. Sheehan*, 735 F.3d 153, 158 (4th Cir. 2013).

As an initial matter, it is well settled that a state and its officers acting in their official capacities cannot be sued under § 1983. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989). This rule also applies to "governmental entities that are considered 'arms of the State' for Eleventh Amendment purposes." *Id.* at 70. Because a Commonwealth's Attorney's Office is properly considered an arm of the Commonwealth of Virginia, it cannot be sued under § 1983.

Moreover, the other defendants whom Phillips has named enjoy absolute immunity against his § 1983 claims for monetary damages. It is well-settled that judges have immunity from claims arising out of their judicial actions. *Mireless v. Waco*, 502 U.S. 9, 12 (1991). Judicial immunity is a protection from suit, not just

from ultimate assessment of damages, and such immunity is not pierced by allegations of error or bad faith. *Id.* at 11; *see also Stump v. Sparkman*, 435 U.S. 349, 356–57 (1978) ("A judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority; rather, he will be subject to liability only when he has acted in the clear absence of all jurisdiction."). [1]

A prosecutor also has absolute immunity for activities performed as "an officer of the court" where the conduct at issue was closely associated with the judicial phase of the criminal process. *See Van de Kamp v. Goldstein*, 555 U.S. 335, 341-343 (2009). For example, when a prosecutor takes steps to initiate judicial proceedings or conducts a criminal trial, bond hearings, grand jury proceedings, and pre-trial motions hearings, absolute immunity applies. *Id.* at 343.

From Phillips' allegations, it appears clear that the prosecutors and judges he has named would be absolutely immune against his claims for monetary damages for actions taken in their respective roles in the judicial process. Phillips also alleges that his defense counsel committed some error during the criminal proceedings. Phillips does not name this individual as a defendant. In any event, he could state no actionable § 1983 claim against defense counsel, who does not act under color of

---

[1] I have omitted citations, internal quotation marks, and alterations here and elsewhere in this Opinion, unless otherwise noted.

state law. *See, e.g., Polk Cty. v. Dodson*, 454 U.S. 312, 325 (1981) ("[A] public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding.").

Moreover, Phillips has not shown that he can bring claims for monetary damages against anyone involved in his state court criminal proceedings. Phillips apparently complains that the defendants' actions somehow caused him to be wrongfully convicted. Claims of this nature, challenging the fact or the duration of the plaintiff's confinement, are not actionable under § 1983 unless the judgment imposing the term of confinement has been overturned or set aside. *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994).

> [I]n order to recover damages for . . . harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, . . . or called into question by a federal court's issuance of a writ of habeas corpus. . . . A claim for damages bearing that relationship to a conviction or sentence that has *not* been so invalidated is not cognizable under § 1983. Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.

*Id.* (footnote omitted).

If Phillips could prove, as he alleges, that the defendants' actions caused him to be wrongfully convicted, such findings would necessarily imply that the state

court judgments under which he is now incarcerated were in error. Because Phillips offers no evidence that any of his convictions have been overturned or expunged, any cause of action for damages which he may have against anyone for wrongful actions that contributed to the procurement of a judgment have not yet accrued. *Id.*

For the stated reasons, I will dismiss the Complaint under § 1915A(b)(1) and (2), because it sues individuals entitled to immunity and does not state any claim actionable under § 1983.

A separate Final Order will be entered herewith.

                              DATED: April 13, 2020

                              /s/ JAMES P. JONES
                              United States District Judge